UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW SIMPSON     :
               :
 PLAINTIFF      :
               :  NO.:
v.             :  (Removed from Superior Court of
               :  Connecticut, J.D. of Hartford,
               :  Docket No.: HHD-CV16-6065790-S)
MIDLAND FUNDING, LLC   :
               :
 DEFENDANT     :

## NOTICE OF REMOVAL

To the United States District Court for the District of Connecticut:

Pursuant to 28 U.S.C. §1441(a) and§1446, Defendant Midland Funding, LLC ("Midland

Funding"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, hereby gives notice

that it has removed this action from the Superior Court of Connecticut, Judicial District of

Hartford, for the following reasons:

  1.  Plaintiff Matthew Simpson ("Plaintiff") filed a Summons and Complaint in the

Superior Court of Connecticut, Judicial District of Hartford, Docket No. HHD-CV-16-6065790-

S on February 3, 2016 commencing an action captioned as "MATTHEW SIMPSON v.

MIDLAND FUNDING, LLC" (the "Action").

  2.  Pursuant to 28 U.S.C. §1446(d), a copy of the Notice of Removal has been filed

with the clerk of the state court from which the Action has been removed on or about the date of

this Notice.

  3.  Pursuant to 28 U.S.C. §1446(a) a true copy of the Summons, Complaint, Return

of Service, and Appearance for Midland Funding, which comprise true and complete copies of

1

all pleadings and other documents filed in the state court proceeding, are attached hereto as **Exhibit "A."**

4.     This Notice of Removal is timely under 28 U.S.C. §1446(b).  Midland Funding was served with the Summons and Complaint by hand at its place of business on January 22, 2016. Therefore, this removal is timely because it is filed within thirty (30) days of receipt of the Summons and Complaint by Midland Funding. Midland Funding is the only defendant in this Action.

5.     The District Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as plaintiff's Complaint alleges violations of:

       a.     15 U.S.C. §1692e; and

       b.     C.G.S. § 42-110a (Connecticut Unfair Trade Practices Act)

6.     Removal of the entire action is proper under 28 U.S.C. §1441(c) which permits removal of actions in which both federal and state law claims are asserted.

WHEREFORE, Defendant Midland Funding, LLC prays that the above action now pending in Superior Court of Connecticut, Judicial District of Hartford be removed to this Court.

Dated:  Stamford, Connecticut,

      February 22, 2016

508404v.1

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

By: /s/ Stephen Brown
Stephen Brown (ct19876)
*Attorneys for Defendant*
*Midland Funding, LLC*
1010 Washington Boulevard
Stamford, Connecticut 06901
Telephone No.  (203) 388-9100
Facsimile No. (203) 388-9101
Stephen.Brown@wilsonelser.com
File No. 10277.00320

3

<u>CERTIFICATION</u>

I certify that a copy of this document was mailed or delivered electronically or non-electronically on February 22, 2016 to all attorneys and self-represented parties of record and to all parties who have not appeared in this matter and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Roderick Woods
The Woods Law Firm, LLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Attorney for plaintiff

By: /s/ Stephen Brown
Stephen Brown (ct19876)
*Attorneys for Defendant*
*Midland Funding, LLC*
1010 Washington Boulevard
Stamford, Connecticut 06901
Telephone No.  (203) 388-9100
Facsimile No. (203) 388-9101
Stephen.Brown@wilsonelser.com

4

# Exhibit A

# SUMMONS - CIVIL
JD-CV-1  Rev. 9-14
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

### STATE OF CONNECTICUT
# SUPERIOR COURT
www.jud.ct.gov

**See other side for instructions**

| | |
|---|---|
| [X] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | **TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| [ ] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| [ ] "X" if claiming other relief in addition to or in lieu of money or damages. | |

Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350)
**95 Washington Street, Hartford, Connecticut 06106**

Telephone number of clerk *(with area code)*
**( 860 )548-2700**

Return Date *(Must be a Tuesday)*
**February         9 , 2016**
Month      Day      Year

[X] Judicial District     [ ] G.A.
[ ] Housing Session        Number

At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)
**Hartford**

Case type code *(See list on page 2)*
Major: **T**     Minor: **90**

## For the Plaintiff(s) please enter the appearance of:

Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*
**The Woods Law Firm, LLC**

Juris number *(to be entered by attorney only)*
**428247**

Telephone number *(with area code)*
**( 888 )  272-2718**

Signature of Plaintiff *(if self-represented)*

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book     [X] Yes   [ ] No

Email address for delivery of papers under Section 10-13 *(if agreed to)*
**rwoods@rdw-law.com**

Number of Plaintiffs: **1**     Number of Defendants: **1**     [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name:  **Matthew Simpson**<br>Address: **35 Wilmot Avenue, Norwich, Connecticut 06360** | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name:  **Midland Funding, LLC**<br>Address: **3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108** | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | [X] Commissioner of the Superior Court [ ] Assistant Clerk | Name of Person Signing at Left<br>**Roderick D. Woods, Esq.** | Date signed<br>**01/12/2016** |
|---|---|---|---|

If this Summons is signed by a Clerk:

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

| For Court Use Only |
|---|
| File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
**Ms. Beverly H. Garcia, 100 Pearl Street, 14th Floor, Hartford, Connecticut 06103**

| Signed *(Official taking recognizance, "X" proper box)* | [X] Commissioner of the Superior Court [ ] Assistant Clerk | Date<br>**01/12/2016** | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE: FEBRUARY 9, 2016

| | | |
|---|---|---|
| MATTHEW SIMPSON, | ) | SUPERIOR COURT |
| | ) | |
|   Plaintiff | ) | J. D. OF HARTFORD |
| | ) | |
| | ) | AT HARTFORD |
| VS. | ) | |
| | ) | |
| MIDLAND FUNDING, LLC, | ) | |
| | ) | |
|  Defendant | ) | JANUARY 12, 2016 |

## COMPLAINT – JURY TRIAL DEMANDED

    1.     This is an action by an individual Connecticut consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), C. G. S. § 42-110a, *et seq.*

    2.     This Court is a court of competent jurisdiction and has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d).

    3.     Plaintiff, Matthew Simpson (or "Plaintiff"), is a natural person residing in the State of Connecticut as of the time of the commencement of this action and was, upon information and belief, a resident of the State of Connecticut at all times relevant hereto.

    4.     Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

**THE WOODS LAW FIRM, LLC**
100 PEARL STREET, 14ᵀᴴ FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER. ct29447

5.     Upon information and belief and at all times relevant hereto, the principal purpose of Defendant, Midland Funding, LLC (or "Defendant"), is the collection of debts using the mails and telephone.

6.     In fact, Defendant regularly attempts to collect debts to be due to another, including consumer debts in the State of Connecticut, and, upon information and belief, maintains a collection agency license with the Connecticut Department of Banking.

7.     Upon information and belief and at all times relevant hereto, Defendant is a corporation organized pursuant to the laws of the State of Delaware, with its principal place of business in San Diego, California.

## FACTUAL ALLEGATIONS

8.     Beginning on or around August, 2015, Defendant initiated a campaign of harassment against Plaintiff.

9.     The Defendant's actions concerned an alleged consumer debt in the amount of $2,870.53 allegedly owed to "Capital One Bank (USA), N.A. BEST BUY" for a credit card account ending in 0008.

10.     In connection with the collection of the alleged debt, Defendant filed a small claims suit against the Plaintiff.  The docket number of the small claims suit is SCC-591964.

11.     As part of the small claims suit, Defendant furnished an Affidavit signed by "Angela Reese," paragraph three of which claims that "Plaintiff purchased and was assigned the balance owed by Defendant of $3,415.70."  Attached hereto and made a part hereof is a true and accurate copy of the Affidavit of Angela Reese annexed as Exhibit "**A**."

12.     The Plaintiff never owed $3,415.70 to the Defendant and the alleged charge-off statement and "statement of claim" filed as part of the small claims suit do not reflect a balance ever owed of $3,415.70. Attached hereto and made a part hereof is a true and accurate copy of the alleged charge-off statement and statement of claim annexed as Exhibit "**B**."

13.     Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt. See, 15 U.S.C. §1692 e (2)(A).

14.     At the same time, 15 U.S.C. §1692 e, in relevant part, makes it a violation of the FDCPA for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (See, 15 U.S.C. 1692 e).

15.     Further, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation.  (See, 15 U.S.C. 1692 e (10)).

16.     As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

## Claims For Relief

### I.     Defendant's Violation of 15 U.S.C. §1692 e (2)(A)

17.     Paragraphs 1-16 are re-alleged, as if fully re-stated.

18.     Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt. See, 15 U.S.C. §1692 e (2)(A).

19.     Beginning on or around August, 2015, Defendant initiated a campaign of harassment against Plaintiff.

20.     The Defendant's actions concerned an alleged consumer debt in the amount of $2,870.53 allegedly owed to "Capital One Bank (USA), N.A. BEST BUY" for a credit card account ending in 0008.

21.     In connection with the collection of the alleged debt, Defendant filed a small claims suit against the Plaintiff.  The docket number of the small claims suit is SCC-591964.

22.     As part of the small claims suit, Defendant furnished an Affidavit signed by "Angela Reese," paragraph three of which claims that "Plaintiff purchased and was assigned the balance owed by Defendant of $3,415.70."  Attached hereto and made a part hereof is a true and accurate copy of the Affidavit of Angela Reese annexed as Exhibit "A."

23.     The Plaintiff never owed $3,415.70 to the Defendant and the alleged charge-off statement and "statement of claim" filed as part of the small claims suit do not reflect a balance ever owed of $3,415.70. Attached hereto and made a part hereof is a true and accurate copy of the alleged charge-off statement and statement of claim annexed as Exhibit "B."

24.     Defendant's violation of 15 U.S.C. §1692 e (2)(A) constituted a violation of the FDCPA.

25.     As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II. Defendant's Violation of 15 U.S.C. § 1692 (e) (10)

26.     Paragraphs 1-16 are re-alleged as if fully re-stated.

27.     15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation. (See, 15 U.S.C. 1692 e (10)).

28.     Beginning on or around August, 2015, Defendant initiated a campaign of harassment against Plaintiff.

29.     The Defendant's actions concerned an alleged consumer debt in the amount of $2,870.53 allegedly owed to "Capital One Bank (USA), N.A. BEST BUY" for a credit card account ending in 0008.

30.     In connection with the collection of the alleged debt, Defendant filed a small claims suit against the Plaintiff.  The docket number of the small claims suit is SCC-591964.

31.     As part of the small claims suit, Defendant furnished an Affidavit signed by "Angela Reese," paragraph three of which claims that "Plaintiff purchased and was assigned the balance owed by Defendant of $3,415.70."  Attached hereto and made a part hereof is a true and accurate copy of the Affidavit of Angela Reese annexed as Exhibit "**A**."

32.     The Plaintiff never owed $3,415.70 to the Defendant and the alleged charge-off statement and "statement of claim" filed as part of the small claims suit do not reflect a balance ever owed of $3,415.70. Attached hereto and made a part hereof is a true and accurate copy of the alleged charge-off statement and statement of claim annexed as Exhibit "**B**."

33.     Defendant's conduct, in failing to adhere to the tenets of 15 U.S.C. §1692 e (10) constituted a violation of the FDCPA.

34.     As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### III. Defendant's Violation of the Connecticut Unfair Trade Practices Act

35.     Paragraphs 1-22 are re-alleged as if fully re-stated.

36.     Defendant's actions constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiff.

37.     Beginning on or around August, 2015, Defendant initiated a campaign of harassment against Plaintiff.

38.     The Defendant's actions concerned an alleged consumer debt in the amount of $2,870.53 allegedly owed to "Capital One Bank (USA), N.A. BEST BUY" for a credit card account ending in 0008.

39.     In connection with the collection of the alleged debt, Defendant filed a small claims suit against the Plaintiff.  The docket number of the small claims suit is SCC-591964.

40.     As part of the small claims suit, Defendant furnished an Affidavit signed by "Angela Reese," paragraph three of which claims that "Plaintiff purchased and was assigned the balance owed by Defendant of $3,415.70."  Attached hereto and made a part hereof is a true and accurate copy of the Affidavit of Angela Reese annexed as Exhibit "A."

41.     The Plaintiff never owed $3,415.70 to the Defendant and the alleged charge-off statement and "statement of claim" filed as part of the small claims suit do not reflect a balance ever owed of $3,415.70.

Attached hereto and made a part hereof is a true and accurate copy of the alleged charge-off statement and statement of claim annexed as Exhibit "**B**."

42.     Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

43.     Simply, the Defendants engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

44.     A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

45.     By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory judgment that Defendant's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act.
2. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq.*, as amended.
3. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
4. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
5. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
6. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).
7. An award of punitive damages.
8. Damages pursuant to the Connecticut Unfair Trade Practices Act.

The amount in demand, exclusive of interest and costs, is less than TWO THOUSAND FIVE HUNDRED ($2,500.00) DOLLARS.

I, Roderick D. Woods, Esq., the subscribing authority, hereby certify that I have personal knowledge as to the financial responsibility of the Plaintiff and deem it sufficient to pay the costs in this action.

Of this writ, with your doings thereon, make due service and return.

Dated at Hartford, Connecticut, this 12th day of January, 2016.

By: _____
Roderick D. Woods, Esq.

Please enter my appearance
for the Plaintiff:

Roderick D. Woods, Esq.
The Woods Law Firm, LLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
(860) 549.6275 (Tel.)
(860) 371.3242 (Fax)
rwoods@rdw-law.com
JURIS # 428247

# Exhibit "A"

State of CONNECTICUT

MIDLAND FUNDING LLC,

Plaintiff

-vs-                                        AFFIDAVIT OF ANGELA REESE

SIMPSON/MATTHEW/,

Defendant(s).

_____

Angela Reese, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1.      I am employed as a Legal Specialist by MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and have access to pertinent records for MCM, servicer of this account on behalf of MIDLAND FUNDING LLC. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on Plaintiff's behalf.  Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to Defendant's *CAPITAL ONE BANK (USA), N.A.* account XXXXXXXXXXXX0008 (hereinafter "the account").  I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on Plaintiff's behalf.

2.      I am familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

3.      MCM's records show that the account was charged-off on 2012-12-31 with a balance of $3,259.95. On or about 2013-12-19, Plaintiff purchased and was assigned the balance owed by Defendant of $3415.70. As of 2015-07-23, MCM's records show that the balance

_____

AFFIDAVIT OF ANGELA REESE - 1

of $2,870.53 remains due and owing and no interest has been assessed to the account. Therefore, Plaintiff seeks the amount of $2870.53 from Defendant. All credits and offsets for payments have been applied to the balance.

4.     No additional interest, late fees, overlimit fees, attorney's fees, or additional balance components have been added by Plaintiff to the original charge-off balance.

5.     MCM's records state that this action is based upon a credit agreement entered into between Defendant(s) and the original credit grantor. MCM's records further state that Defendant(s) used or authorized the use of the credit account but failed to make the payments due pursuant to the agreement.

6.     Based upon my review of business records kept on behalf of Plaintiff: 1) Defendant(s) opened the CAPITAL ONE BANK (USA), N.A. account on 2007-05-22; 2) the last payment posted to the account on 2012-06-02; and 3) the account was charged off on 2012-12-31.

7.     On or about 2013-01-17, the account was sold from CAPITAL ONE BANK (USA), N.A. by and through its legal selling entity CAPITAL ONE, NATIONAL ASSOCIATION to ATLANTIC CREDIT AND FINANCE SPECIAL FINANCE UNIT III, LLC. The account was then sold to the following debt buyers in order of occurrence on or about:

     1. 2013-03-29, ATLANTIC CREDIT AND FINANCE SPECIAL FINANCE UNIT, LLC

     2. 2013-04-30, ASSET ACCEPTANCE LLC

     3. 2013-12-19, MIDLAND FUNDING LLC

8.     Attached hereto are the following records regarding the account and/or payments received:

     Exhibit A.    Billing statement(s) (including the charge-off statement or final billing statement)

     Exhibit B.    Bill of Sale and Assignment

---

AFFIDAVIT OF ANGELA REESE - 2


8562457410


AFFCOTMEDIA


Y68686

Exhibit C.   Seller data sheet reflecting the individual account data printed from
electronic records provided by the seller pursuant to the
Bill of Sale/Assignment

9.   The documents attached hereto are true and correct copies of the originals, being a
reproduction of the records on file on behalf of Plaintiff based upon my review, except to the
extent that confidential and privileged information and/or personal identifying information is
omitted or redacted as required by local rules, and applicable state and federal law.

10.   If called to testify as a witness thereon, I could and would competently testify as to all
the facts stated herein.

I certify under penalty of perjury that the foregoing statements are true and correct.

JUL 3 0 2015
_____
Date

Angela Reese

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on ___JUL 3 0 2015___ by Angela Reese.

BREANNE ALYSSA JOHNSON
NOTARY PUBLIC - MINNESOTA
(Seal)   Commission Expires January 31, 2020

Notary Public

CT6
Law Offices Howard Lee Schiff, P.C.

AFFIDAVIT OF ANGELA REESE - 3





8562457410          AFFCOTMEDIA          Y68686

# Exhibit "B"

CN Y68686

EXHIBIT A

MIDLAND FUNDING, LLC
Plaintiff

vs.

MATTHEW SIMPSON
Defendant


STATEMENT OF CLAIM


10. On 12/31/12 CAPITAL ONE BANK (USA), N.A. BEST BUY
    charged-off the defendant's delinquent balance of $3,259.95
    that resulted from the defendant's use of credit account
    XXXXXXXXXXXX0008 .
    The Plaintiff purchased this debt on 12/19/13 .
    The books and records of the Plaintiff show that the
    defendant is in default and therefore currently indebted
    to the Plaintiff for a current balance of $2,870.53.
    Plaintiff seeks damages for the breach of agreement to timely
    pay. In the alternative, the Plaintiff seeks damages for the
    account stated balance as periodic account statements were
    delivered to and held by the Defendant with no known dispute
    communicated to the Plaintiff. Plaintiff seeks damages for
    the account stated balance minus any credit(s) on the
    account occuring after the last statement was transmitted.
    The basis for venue is that the Defendant
    resides in NORWICH, CT.



    Date Opened: 05/22/07
    Date of Last Payment to an owner of the debt: 06/02/12
    Date of Last Payment to attorney: 00/00/00
    Chargeoff Date: 12/31/12
        THIS COMMUNICATION IS FROM A DEBT COLLECTOR
mo

Capital One

Best Buy Account Statement
Account Number                    0008
From December 29, 2012 to August 28, 2013

Page 1 of 2

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $3,259.95 |
| Payments | $0.00 |
| Other Credits | $389.42 |
| Purchases/Debits | $0.00 |
| Past Due Amount | $559.00 |
| Fees Charged | $0.00 |
| Interest Charged | $0.00 |
| New Balance | $2,870.53 |
| | |
| Credit Limit | $0.00 |
| Credit Available | $0.00 |
| Statement Closing Date | August 28, 2013 |
| Days in Billing Cycle | 0 |

## Payment Information

| | |
|---|---|
| New Balance | $2,870.53 |
| Minimum Payment Due | $617.00 |
| Payment Due Date | September 22, 2013 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $0.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay | You will pay off the balance shown on this statement in about | And you will end up paying an estimated total of |
|---|---|---|
| Only the minimum payment | 10 Years | $3,960 |
| $91 | 3 Years | $3,286 (Savings = $674) |

If you would like information about credit counseling services, call 1-866-569-2227.

**Questions?**
Customer Service          1-800-420-9931
TDD/Hearing Impaired      1-800-345-0186

Payment Address: Capital One Retail Services, PO Box 71106, Charlotte NC 28272-1106
Billing Inquiries: Retail Services, PO Box 5893, Carol Stream IL 60197-5893
Manage Your account online at www.hrsaccount.com/bestbuy

## Important Information

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.

## Transactions

### Payments/Returns/Credits

| Trans Date | Post Date | Description of Transaction or Credit | Reference Number | Amount |
|---|---|---|---|---|
| 08/21/13 | 08/21/13 | INTEREST CHARGE ADJUSTMENT | 00000000010821025625250 | -$209.32 |
| 08/21/13 | 08/21/13 | CREDIT KEEPER REFUND 1-800-449-4948 | 000299997806210256252540 | -$180.10 |
| | | Total Payment For This Period | | -389.42 |

### Purchases/Debits

| Trans Date | Post Date | Description of Transaction or Credit | Purchase Type | Reference Number | Amount |
|---|---|---|---|---|---|
| 08/21/13 | 08/21/13 | ..........$$    $$    $$ | Reg. Purch | 000000000108210256252530 | $0.00 |
| | | Total Purchases For This Period | | | $0.00 |

### Fees

| Trans Date | Post Date | Description of Fees | | Reference Number | Amount |
|---|---|---|---|---|---|
| | | Total Fees For This Period | | | $0.00 |

### Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON PURCHASES | $0.00 |
| Total Interest For This Period | $0.00 |

Detach and return bottom portion with your payment          16991152 01          STMTAT  E  28100          See reverse side for important information

| | |
|---|---|
| Account Number: | 0008 |
| New Balance | $2,870.53 |
| Minimum Payment Due | $617.00 |
| Payment Due Date | 09/22/2013 |

Include account number on check to Capital One Retail Services. Do not send cash. Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

169    AMOUNT
       ENCLOSED

MATTHEW J SIMPSON
35 WILMOT AVE
NORWICH CT 06360-6601

CAPITAL ONE RETAIL SERVICES
PO BOX 71106
CHARLOTTE NC 28272-1106



Best Buy Account Statement
Account Number 0008
From December 29, 2012 to August 28, 2013

### 2013 Totals Year-to-Date

| | |
|---|---|
| Total fees charged in 2013 | $0.00 |
| Total interest charged in 2013 | -3209.32 |

### Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Regular Purchase 04025-01 | 9.00% | $0.00 | $0.00 |
| Regular Purchase 04005-02 | 9.00% | $0.00 | $0.00 |
| Regular Purchase 04010-03 | 9.00% | $0.00 | $0.00 |
| Regular Purchase 09747-04 | 9.00% | $0.00 | $0.00 |
| Regular Purchase 00088-12 | 9.00% | $0.00 | $0.00 |
| REGULAR PURCHASE 00007 | 9.00% | $0.00 | $0.00 |

v=Variable Rate

### Credit Plan Information

| Credit Plan/Promotion Type | Purchase Date | Promotional Expiration Date | Previous Balance | New Balance | Minimum Payment | Deferred Interest | Promotional Payoff Amount |
|---|---|---|---|---|---|---|---|
| Regular Purchase 04025-01 | 06/20/2007 | N/A | $1,157.66 | $767.66 | $352.75 | $0.00 | $767.66 |
| Regular Purchase 04005-02 | 06/07/2007 | N/A | $742.83 | $782.83 | $93.49 | $0.00 | $782.83 |
| Regular Purchase 04010-03 | 06/15/2007 | N/A | $1,162.07 | $1,162.07 | $187.95 | $0.00 | $1,162.07 |
| Regular Purchase 09747-04 | 08/28/2007 | N/A | $157.94 | $157.94 | $12.78 | $0.00 | $157.94 |
| Regular Purchase 00088-12 | N/A | N/A | $0.03 | $0.03 | $.03 | $0.00 | $0.03 |
| REGULAR PURCHASE 00007 | N/A | N/A | $0.00 | $0.00 | N/A | $0.00 | $0.00 |

### Customer News

Your account information is in your control when you register securely at hrsaccount.com/bestbuy

### Customer News

*Send your student back to school with the technology to help them succeed. Make it happen with flexible financing when you use your Best Buy® Credit Card at Best Buy® or BestBuy.com®. Send them off with a new laptop or tablet and enjoy flexibility to pay for it over time with 6-month financing on storewide purchases $149 and up.*

10605 5-2 01    STMTAT E  28100

# APPEARANCE

JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

**STATE OF CONNECTICUT**
## SUPERIOR COURT
www.jud.ct.gov

**Instructions —** *See Back/Page 2*

## Notice To Self-Represented Parties
*A self-represented party is a person who represents himself or herself. If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:*

[ ] *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

| Return date |
|---|
| Feb-09-2016 |
| Docket number |
| HHD-CV-16-6065790 |

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*

**SIMPSON, MATTHEW  v. MIDLAND FUNDING, LLC**

| [X] Judicial District | [ ] Housing Session | [ ] Small Claims | [ ] Geographic Area number ___ | Address of Court *(Number, street, town and zip code)* |
|---|---|---|---|---|
| | | | | 95 WASHINGTON STREET HARTFORD, CT 06106 |

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

## Please Enter the Appearance of

| Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney | Juris number of attorney or firm |
|---|---|
| **WILSON ELSER MOSKOWITZ EDELMAN & DICKER** | **412712** |

| Mailing Address *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)* | Post office box | Telephone number *(Area code first)* |
|---|---|---|
| 1010 WASHINGTON BLVD 8TH FLOOR | | 203-388-9100 |

| City/town | State | Zip code | Fax number *(Area code first)* | E-mail address |
|---|---|---|---|---|
| STAMFORD | CT | 06901 | 203-388-9101 | nicole.cuglietto@wilsonelser.com |

in the case named above for: *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

[ ] The Plaintiff *(includes the person suing another person).*
[ ] All Plaintiffs.
[ ] The following Plaintiff(s) only: ___
[X] The Defendant *(includes the person being sued or charged with a crime).*
[ ] The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only).*
[ ] All Defendants.
[ ] The following Defendant(s) only: ___
[ ] Other *(Specify):* ___
[ ] This is a Family Matters case and my appearance is for: *("x" one or both)*
     [ ] matters in the Family Division of the Superior Court     [ ] Title IV-D Child Support matters

*Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above,  put an "x" in box 1 or 2 below:*

1. [ ] This appearance is in place of the appearance of the following attorney, firm or self-represented party on file *(P.B. Sec. 3-8):* ___
*(Name and Juris Number)*
2. [ ] This appearance is in addition to an appearance already on file.

| **I agree to accept papers (service) electronically in this case under Practice Book Section 10-13** | [X] Yes | [ ] No |
|---|---|---|

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| ▶ 432816 | NICOLE ROSE CUGLIETTO | Feb 04 2016 |

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* **Feb 04 2016**     to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

| Name and address of each party and attorney that copy was mailed or delivered to* | For Court Use Only |
|---|---|
| **WOODS LAW FIRM LLC - 100 PEARL STREET/FOURTEENTH FLOOR/HARTFORD, CT 06103** | |

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed | Telephone number |
|---|---|---|---|
| ▶ 432816 | NICOLE ROSE CUGLIETTO | Feb 04 2016 | 203-388-9100 |

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.

## AFFIDAVIT OF SERVICE

| Case:<br>N/A | Court:<br>Connecticut Superior Court - Hartford | County:<br>Hartford, CT | Job:<br>N/A |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Matthew Simpson | | **Defendant / Respondent:**<br>Midland Funding, LLC | |
| **Received by:**<br>Daniel Arredondo - Process Server | | **For:**<br>Roderick D. Woods, Esq., Attorney for Plaintiff | |
| **To be served upon:**<br>Midland Funding, LLC | | | |

I, Daniel Arredondo, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:     Tanya Flores, authorized agent at Midland Funding, LLC, 3111 Camino Del Rio North Ste. 103, San Diego, CA 92108

Manner of Service:     Personal delivery as follows: copy of said documents were personally served on Tanya Flores, Agent at Midland Funding, LLC on Jan 22, 2016, 12:57 pm at 3111 Camino Del Rio North Ste. 103, San Diego, CA 92108

Documents:     Summons; Complaint

Additional Comments:

Fees:   $55.00

_____     01/26/2016
Daniel Arredondo                                 Date
San Diego County Registered Process
Server #1967

I Serve Papers
4364 Bonita Rd. #258
Bonita, CA 91902
858-255-4070